UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUNTER                           CASE NO. 2:11-CV-12482
                                      HONORABLE MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE
          Plaintiff,

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et. al.,

          Defendants,
_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate currently confined at the Harrison Correctional Facility in Adrian, Michigan. On June 16, 2011, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to pay the $ 350.00 filing fee or to submit an application to proceed in forma pauperis within thirty days of the order. To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information. For the reasons stated below, the complaint is dismissed with prejudice.

### I. Discussion

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). See also In Re Prison Litigation Reform Act, 105 F. 3d 1131, 1138 (6th

Cir. 1997).  The in forma pauperis statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See Miller v. Campbell, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).  Under the PLRA, a prisoner may bring a civil action in forma pauperis if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a).  If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. See McGore v. Wrigglesworth, 114 F. 3d 601, 605 (6th Cir.1997).  If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. Id.

The Court will dismiss the complaint for want of prosecution, because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed in forma pauperis. See Erby v. Kula, 113 Fed. Appx. 74, 75-6 (6th Cir. 2004); Davis v. United States, 73 Fed. Appx. 804, 805 (6th Cir. 2003).

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.  Because the case is being dismissed under

these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. McGore, 114 F. 3d at 605.

                                      s/Marianne O. Battani
                                      **HON. MARIANNE O. BATTANI**
                                      **UNITED STATES DISTRICT JUDGE**

DATED: August 17, 2011

## CERTIFICATE OF SERVICE

     I hereby certify that on the above date a copy of this Order was served upon the Plaintiff via ordinary U.S. Mail.

                                      s/Bernadette M. Thebolt
                                      Case Manager