UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUNTER

          Plaintiff,

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et. al.,

          Defendants,
_____/

CASE NO. 2:11-CV-12482
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING
PLAINTIFF'S REQUEST TO REINSTATE THE COMPLAINT**

On June 8, 2011, plaintiff filed a civil rights complaint with this Court. Plaintiff was an inmate confined at the Harrison Correctional Facility in Adrian, Michigan at the time he filed the complaint. On June 16, 2011, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required Plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed Plaintiff to pay the three hundred and fifty dollar filing fee in full. Plaintiff was given thirty days to comply with the order. Plaintiff did not pay the filing fee

or supply the requested information within the 30 day period nor did he timely move for an extension of time to comply with the discovery order.

On August 17, 2011, the Court summarily dismissed the civil rights complaint because plaintiff failed to comply with the order of deficiency. Hunter v. Michigan Dep't of Corr., No. 2:11-CV-12482, 2011 WL 3625056 (E.D. Mich. Aug. 17, 2011).

On February 12, 2015, Plaintiff filed an Application to Proceed Without Prepayment of Fees or Costs.  On February 20, 2015, Plaintiff filed an amended complaint.  The Court construes these pleadings as a request to reopen the complaint.  For the reasons that follow, the request is denied without prejudice to Plaintiff filing a new complaint under a new case number.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. See also McGore v. Wrigglesworth, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. McGore v. Wrigglesworth, 114 F. 3d at 605.  If the inmate fails to comply with the district

court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." Id.  The district court must then order that the case be dismissed for want of prosecution. Id.  Most importantly, if the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. Id.; See also In re Prison Litig. Reform Act, 105 F. 3d 1131, 1132 (6th Cir. 1997).

Plaintiff failed to timely cure his filing fee defects in this case.  Accordingly, this Court does not have the power to reinstate his complaint.  If Plaintiff wishes to pursue this matter, he can do so by filing a new complaint with the appropriate documentation to proceed without prepayment of fees under a new case number.

Accordingly, the Court **DENIES P**laintiff's Request to Reinstate the Complaint. [Dkt. Entries ## 9, 12].    The denial is without prejudice to Plaintiff filing a new complaint in this matter under a new case number.

Date:   April 30, 2015                              s/Marianne O. Battani
                                                          MARIANNE O. BATTANI
                                                          United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 30, 2015.

                                                                                  s/ Kay Doaks
                                                                                  Case Manager